# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY BALL, Executrix of the ESTATE OF WILLIAM BALL,<br><br>    Plaintiff,<br><br>        v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY and AT&T, Inc.,<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-14-0239<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is the Notice of Removal of Defendants Metropolitan Life Insurance Company and AT&T, Inc. (Doc. 1.) Because the action Defendants seek to remove contains only a Writ of Summons and not a complaint, the action will be dismissed for lack of subject matter jurisdiction.

## I. Background

As set forth in the Notice of Removal, Plaintiff, on or about January 13, 2014, filed in the Court of Common Pleas of Lackawanna County, Pennsylvania, a Civil Cover Sheet, Notice to Defend, a Praecipe for Writ of Summons, and Pre-Complaint Request for Production of Documents. (Doc. 1, ¶ 1.) A Writ of Summons was issued by the Prothonotary the same day. (*Id*. at Ex. A.)

On February 12, 2014, Defendants removed the action to this Court. (Doc. 1.) Defendants assert that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). (*Id*. at ¶ 9.) Defendants also assert that the Court has supplemental jurisdiction over all other causes of action pursuant to 28 U.S.C. § 1367. (*Id*.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*, see *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir.2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)), and "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

>28 U.S.C. § 1446(b) provides, in relevant part:
>
>>The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b). "At a minimum, there must have been an 'initial pleading setting forth the claim for relief' received by the defendant before a defendant may invoke this provision." *Gervel v. L & J Talent*, 805 F. Supp. 308, 308 (E.D. Pa. 1992).

Defendants' notice of removal fails to satisfy the requirement of having an initial pleading filed before seeking removal. At the present time, the only state court filing besides the pre-complaint request for discovery is the Writ of Summons. But, "[t]he filing of a writ of summons in Pennsylvania state court . . . is not an 'initial pleading' that triggers the removal deadline." *Card v. USA Truck, Inc.*, No. 13cv2538, 2013 WL 5597151, at *1 (M.D. Pa. Oct. 11, 2013) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005)). Thus, it is the complaint which is the initial pleading which provides the basis for removal, and where no complaint has been filed, as the case is

here, removal is improper. *See id.* at *1; *see also In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 941 F. Supp. 2d 568, 570-71 (E.D. Pa. 2013) ("because Plaintiffs here have not served a complaint, Defendants' notice of removal . . . was too early.").

### III. Conclusion

Because the action Defendants seek to remove contains only a Writ of Summons and not a complaint, the action will be dismissed for lack of subject matter jurisdiction, and the case will be remanded to the Court of Common Pleas of Lackawanna County, Pennsylvania.

An appropriate order follows.


February 28, 2014                                         /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                    United States District Judge